By the Court, Leonard, J.
1st. The case as presented is so meagre that it is impossible to determine whether or not the evidence justified the request made by the prisoner’s counsel, in respect to the charge of the judge.
On the hypothesis of the judge, his charge was correct. (1 Wharton’s Crim. Law, §§ 71, 75.) But one fact proven in the case is presented, viz: that Rosanna and James Quinlan, two of the prisoners at the bar, are and were, at the time when both were indicted, married t'o each other. Whether they were married at the time the offence was committed, would have been more material. But, if we assume, that they were then husband and wife, it is not stated whether the husband was present when the offense" was committed.
If both were together, and nothing appeared to the contrary, the presumption would be that the wife acted under coercion, and she would then be entitled to an acquittal. (1 Wharton’s Crim. Law, § 73.)
*7 We cannot assume the facts to be in favor of the prisoner after conviction. If she wanted any benefit of her exception to the refusal to charge as requested, it was incumbent on the prisoner to prepare a bill of exceptions containing the facts, if any existed, so as to make it apparent that the law applicable to her case was correctly stated in the request.
2d. The objection to the indictment is not well taken. The jurors may omit a matter of description which they cannot ascertain, when the substance of the offense is set out. (Haskins v. The People, 16 N. Y. R, 347.) Some part of the money stolen in the case of Haskins v. The People, was described in the same manner as in the case at bar, and it was held good in the. opinion of Judge Denio.
The judgment of the General Sessions must be affirmed.