LIZZIE SEILER, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Where a woman is indicted as a *femme sole*, and pleads to the indictment, this is *prima facie* evidence that she is unmarried.

The presumption of coercion, which excuses a wife for a larceny committed in the company of her husband, is *prima facie*; not conclusive; if it appears that she was not urged or drawn to the offence by him, but was an inciter of it she is liable as well as he.

It is the presence of the husband which raises the presumption, and if the wife commits the offence, by the bare command or procurement of the husband, when he is not present, she is liable.

(Argued May 19, 1879; decided May 27, 1879.)

ERROR to the General Term of the Supreme Court in the second judicial department, affirming a judgment of the court of General Sessions in and for the county of Kings, convicting the plaintiff in error of the crime of grand larceny.

The plaintiff in error was indicted as a *femme sole* and pleaded to the indictment.

The offence charged was the stealing of a piece of cloth from a store in the city of Brooklyn. It appeared that the prisoner was in company with another woman and two men, one of whom gave his name as Brown, the other Miller. The two women and Miller entered the store, while Brown remained in the street from 200 to 300 feet from the store. The two women came out of the store followed by Miller, they joined Brown, and one of the three gave to Brown some article which he wrapped up in a piece of paper. They were arrested and the piece of cloth was found upon Brown. The prisoner stated that she was unmarried and did not know the others. On the trial evidence was given on her part to the effect that Brown was her husband.

The prisoner's counsel requested the court to charge, "that if these four persons conspired together to go into the store for the purpose of committing a larceny, she was presumed to be under the coercion of her husband at the

time she entered the store, if it appears from the evidence that he was there at the entrance."

The court refused so to charge, but charged, " whether he was her husband, and was present at the time of the commission of the offence," were the questions. To which charge and refusal to charge the prisoner's counsel duly excepted.

Said counsel requested the court to charge, " that the relation of husband and wife was proven to exist between the defendant and the man called Brown." The court refused so to charge, on the ground that whether they were husband and wife was a question of fact for the jury to determine. To which charge and refusal to charge defendant duly excepted.

*James W. Ridgway*, for plaintiff in error. The actual presence or immediate personal contact of the husband was not necessary to create a presumption that the plaintiff in error was, at the time of the commission of the offence, coerced by him. (1 Whart. Cr. L., § 74; *Rex* v. *Conolly*, 2 Lewis C. C., 249; *People* v. *Quinlan*, 6 Park. Cr., 9.) If the husband was present when the intent to commit the crime was formed, the law presumes that she acted under his compulsion. (*People* v. *Quinlan*, 6 Park. Cr., 9.)

*Jerry A. Wernberg*, for defendant in error. The onus of proving that the plaintiff in error was a married woman was upon her. (1 Russ. on Crimes, 28; *Reg* v. *Woodward*, 8 C. & P., 561; *Rex* v. *Hasserill*, 2 id., 434.) The *prima facie* presumption that the wife was coerced into committing the crime could be rebutted by showing that she was the more active party. (Barb. Cr. L., 275 ; 1 Russ. on Crimes, 18, 21, 22; *Wagener* v. *Bill*, 19 Barb., 321; *Rex* v. *Hughes*, 2 Lewin, 229; *Reg* v. *Cohen*, 11 Cox C. L. C., 99; *Rex* v. *Morris*, R. & Ry., 270.)

Folger, J. The proof of marriage was not conclusive and uncontradicted. There was testimony which, if relied

upon by the jury, was enough to uphold a verdict that the plaintiff in error was married, and that the man who went by the name of Brown was her husband. But there was also testimony the other way. It consisted in her declaration that she was not his wife. She was indicted as a *femme sole*, and pleaded, which was *prima facie* evidence that she was unmarried; (*Quinn's Case*, 1 Lewin, 1; *Reg.* v. *Woodward*, 8 C. & P., 561.) The volume of the testimony is the largest on the side of the marriage. Perhaps the weight of it is. But there was contradiction, and it was for the jury to say.

It is a general rule of law that persons are excused from those acts which are not done of their own free-will, but in subjection to the power of others. And as to persons in private relations, the principal case where such constraint is allowed as an excuse for criminal misconduct, is that of a wife, based upon the idea of her matrimonial subjection to her husband. She will not be made to suffer for a larceny done by his coercion, or in his company which the law construes as coercive. But the coercion from being in his company is only presumed; and if it appear that she was not urged or drawn to the offence by him, but was an inciter of it, she is as guilty as he. If she steal of her own will, or by the bare command of her husband or his procurement, she is liable as well as he : (*Reg.* v. *Buncombe*, 1 Cox C. C., 183; *Rex* v. *Hughes*, 1 Russ. on Cr., *22 [41].) The presence of the husband is not an absolute excuse, it gives only a *prima facie* presumption of coercion.

The most that can be claimed for the evidence in this case is, that the plaintiff in error was in company with the man Brown, just before and just after the larcenous act. She was not near to him when it was done. He was 200 feet or more away. It may be that his eye was upon her, and that she knew it; no more than that.

It was not error for the court, therefore, to state to the jury the distance off which Brown was shown to be; especially as it was stated, on which to remark to them, that it

was for them to say whether that fact did not rebut the presumption that she was coerced by him, and to find whether she was in his presence.

The request to charge, that if the four conspired to steal, she must be presumed to be coerced by him, if when she entered the store he was at the entrance, was well denied. His command or procurement would not excuse her; (See *supra.*) The theft was not done while he was at the entrance. He had passed on, before that. It is the presence of the husband at the thieving act, which raises the presumption.

The court was right in telling the jury that the questions were: Whether Brown was her husband; and was present when the theft was done. It was right in refusing to charge, that the facts were proven from which coercion was to be presumed; for the presence of Brown at the act was not proven. There was no error on the trial.

The judgment should be affirmed.

All concur.

Judgment affirmed.