BERNARD GOLDSTEIN et al., Plaintiffs in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

A husband and wife may be jointly indicted and convicted of a crime, where it appears that they were both guilty of the offense charged, and it is shown that there was no coercion, as in such case the wife acts in her own capacity, as one able to commit crime, and of her own accord and intent, the same as if she were an unmarried woman.

Upon the trial of an indictment for receiving stolen goods, with knowledge, the court charged "that the possession of stolen goods, immediately after the larceny, if under peculiar and suspicious circumstances, where there is evidence tending to show that some other person or persons stole the property, such possession not being satisfactorily explained would warrant" a conviction. *Held*, no error.

(Submitted September 20, 1880; decided September 28, 1880.)

ERROR to the General Term of the Supreme Court, in the first judicial department, to review judgment affirming a judgment of the Court of General Sessions of the Peace, in and for the city and county of New York, entered upon a verdict convicting the plaintiffs in error of the crime of receiving stolen goods, with knowledge that they were stolen.

The material facts appear in the opinion.

*William F. Howe* for plaintiffs in error. The mere possession of stolen goods is evidence *prima facie* of neither stealing nor receiving. (Roscoe's Crim. Ev. 92, 817; *People* v.

*Knickerbocker*, 43 N. Y. 177; 2 Bishop's Crim. Proc., chap. 47, § 988.) The presumption arising from the possession of stolen property is, that the party stole the property, not that he received it. (Roscoe's Crim. Ev. 18; *Rex* v. *Densley*, 6 C. & P. 399.) The presumption of guilt arising from the possession of stolen property, recently after the theft, is one of fact. (*Stover* v. *People*, 56 N. Y. 315.) A party cannot, as a matter of law, be adjudged guilty, upon proof that property has been stolen and recently thereafter found in his possession, in the absence of any explanation. (*Stover* v. *People*, 56 N. Y. 315; *Stokes* v. *People*, 53 id. 174; *State* v. *Hodge*, 50 N. H. 510; *Reg.* v. *Langmead*, 9 Cox's Cr. Cases, 465.) The joint conviction in this case cannot be sustained. (*Reg.* v. *Brooks*, 14 Eng. L. & Eq. 580; Dearsly's C. C. 184; 1 Wharton's Cr. Law [6th ed.], § 72; *Rex* v. *Price*, 8 Carr. & Payne, 19; *Reg.* v. *Matthews*, 1 Den. C. C. 596; 1 Bishop's Cr. Law, § 455; *R.* v. *Smith*, 1 Dears. & B. C. C. 533; *R.* v. *Archer*, 1 Moody's C. C. 143; *Comm.* v. *Neal*, 1 Bennett & Heard's C. C. 87.)

*Benjamin K. Phelps*, district attorney, for defendant in error. It was a question entirely for the jury, whether the wife acted from her free and uncontrolled will, although her husband was present at the time. (*McKing* v. *Stapleton*, Jebb's C. C. 93; *Uhl's Case*, 6 Grattan, 711; 1 Colby's Cr. Law, 11; *Quinlan's Case*, 6 Parker, 9; 2 Bishop's Cr. Law [5th ed.], § 1142.) The possession of stolen goods immediately after a larceny, under peculiar and suspicious circumstances, where the evidence showed that some other person than the possessor had stolen the property, raises the presumption that the party in possession had received them with guilty knowledge. (*Reg.* v. *Matthews*, 1 Den. C. C. 596; 2 Colby's C. L. 197; *Reg.* v. *McMahon*, 13 Cox's Cr. Cases, 275.)

DANFORTH, J. The plaintiffs in error were husband and wife, and were convicted upon an indictment which charged that they, on the 17th of November, 1878, did receive certain cloth

and other goods of Joseph Morris, by a certain person or persons to the jurors unknown, then lately stolen; the said Bernard and Anna knowing the said goods and chattels to have been so stolen.  It was proven by satisfactory evidence that the goods were the property of Morris and had been stolen from him by some persons other than the prisoners.  The theft was at once discovered, and upon instant search they were found in a small room of which Bernard Goldstein had the right of temporary possession for a special purpose, adjoining a room occupied by himself and wife, and into which a door from their room opened.  There was evidence from which a jury might properly find that each of the persons charged participated in the offense, and also that the wife acted in regard thereto independently of, and free from, the control or influence of her husband.  Indeed, in his absence she sought to prevent the searching officers from looking or entering into the room in which the goods were placed, and this not only by words, but by active opposition.  The case was submitted to the jury in a manner most favorable to the wife, for the learned judge instructed them that in law she was presumed to be under the control of the husband, and to have been driven to the offense by him, and consequently should be acquitted unless the evidence was, in their judgment, sufficient to overcome or rebut that presumption.  The jury answered the question so submitted to them, by a verdict of guilty, and thus established the absence of coercion.  There was, therefore, no error in submitting the case to them as one in which a verdict might be found against her, notwithstanding coverture, for that is no protection where the wife is shown to have taken an active and willing part in the commission of crime.  (2 Lewin's C. C. 229 ; *State* v. *Nelson*, 29 Me. 329 ; *Cassin* v. *Delany*, 38 N. Y. 178 ; *Seiler* v. *People*, 77 N. Y. 411.)  It follows that when the husband is guilty of the offense charged, and the wife also, and coercion is shown not to exist, they may be jointly indicted and convicted ; for in such a case the wife acts in her own capacity as one able to commit crime, of her own accord and intent, as much so as an unmarried person ; and to that effect,

I think, are the authorities. (*King* v. *Chedwick*, 1 Keble, 585 ; *King* v. *Thomas and his wife*, Cases temp. Hardwicke, p. 278 ; *Rex* v. *Cross and wife*, 1 Raymond, 711 ; *Rex* v. *Stapleton and wife*, 1 Crawford and Dix's C. R. 163 ; *The State* v. *John and Catherine Bentz*, 11 Mo. 27 ; *King* v. *Morris and his wife*, 2 Leach [4th ed.], 1096 ; *Reg.* v. *Ingraham*, 1 Salkeld, 384 ; 1 Russ. on Crimes, marg. p. 20 [5th Am. ed.], note by Greaves.)

In *Commonwealth* v. *Trimmer* (1 Mass. 476), the contrary was held ; but in *Commonwealth* v. *Murphy* (2 Gray, 512), the court hold that " a wife may be indicted jointly with her husband," and say "the authorities on this point, notwithstanding *Commonwealth* v. *Trimmer*, are too numerous and decisive to be withstood. Whether she can be convicted separately or jointly with him is a question to be determined by direct evidence or by legal presumptions concerning the freedom of her action, or the coercion of her husband." (Barb. Cr. Law, 250 ; *Waggoner* v. *Bill and wife*, 18 Barb. 321 ; *State* v. *Parkerson*, 1 Strobh. 169 ; *Pennybaker* v. *State*, 2 Blackf. [Ind.] 484.)

It is also urged that the learned trial judge erred in saying to the jury "that the possession of stolen goods immediately after the larceny, if under peculiar and suspicious circumstances, when there is evidence tending to show that some other person or persons stole the property, such possession not being satisfactorily explained, would warrant the jury in convicting the accused of receiving stolen goods, knowing them to have been stolen." The ground of the objection seems to be, that in so charging, the court took the question from the jury, and assumed to decide it as matter of law. The charge is not open to that criticism. It states a good legal proposition involving several things : First, that the property was stolen ; second, that it was not stolen by the prisoners ; both of which were clearly established ; and third, it referred to the evidence which tended to show that if the goods came to the possession of the prisoners or either of them, it was within a very short time, an hour or two at most, after the larceny, and as early as five o'clock in the morning, and this, with other incidents which happened in its connection ; were of an unusual character, fully

justifying in that respect the hypothesis submitted, of "peculiar and suspicious circumstances." The crime of larceny had been committed. The thieves had parted with its fruits, and if found in the prisoners' possession there was no unfairness in calling upon them for an explanation, and in its absence attributing their silence to guilt, in receiving the property with knowledge of the theft, since they had not themselves stolen it. This is a reasonable presumption. (*Reg* v. *Matthews*, 1 Den. C. C. 596.) But the whole question was submitted to the jury with directions to inquire whether either of the defendants received the goods, under what circumstances they were received, and who was present, at the time of receiving; and in answering it, were told to take into consideration all the circumstances of the case, and that upon the evidence they might acquit one or both of the offense charged, or convict either or both. The theory of the defense seems to have been that some person, without the prisoners' consent or knowledge, put the stolen property into the room where it was found by the pursuers, but this question was, at the request of the defendants' counsel, submitted to the jury as one which, if answered in the affirmative, would require an acquittal of the defendants, and the verdict of guilty must be conclusive as to that.

There was, we think, no error committed upon the trial, and the judgment should be affirmed.

All concur.

Judgment affirmed.