STATE *vs.* CATHERINE SHEE.

The mere proximity of a husband not actually present when his wife commits a minor offence will not raise in her favor the presumption that she acts under his coercion.
Any inference of coercion from such proximity is a question of fact.

EXCEPTIONS to the Court of Common Pleas.

This was an indictment against the defendant for keeping and maintaining a common nuisance in the town of Scituate, " to wit, a grog-shop and tippling-shop and building, place, and tenement used as a house of ill-fame, resorted to for prostitution and lewdness, and building, place, and tenement used for the illegal sale and keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons."

Evidence was introduced at the trial to show that the place was kept in the defendant's name, that she sold liquor there, and that she was not known to be a married woman. To rebut this, evidence was presented that she was married, and that her husband was about the place when liquors were sold by the wife, though not actually present at the spot of sale. The exceptions founded on these facts are set forth in the opinion of the court.

The testimony referred to in the last paragraph of the opinion of the court was the statement of one of the witnesses for the

prosecution as to the conduct of a female living at the house who was, according to the evidence of the defendant's husband, the housemaid.

*January* 28, 1882.  DURFEE, C. J.  The authorities cited for the prosecution show that the rule of law is, that when an offence, of minor grade, is committed by a married woman, the presumption is, if her husband be present, that she commits it under coercion on his part; if he be absent, that she commits it voluntarily. These presumptions are, however, rebuttable: it being open to the prosecution to show that, though the husband was present, the wife acted voluntarily; and to the married woman, to show that, though her husband was absent, she nevertheless acted under his coercion.  In the case at bar the illegal sales complained of were made by a married woman, and the testimony is that, on several occasions, the husband, though about the premises, at the barn or well or near by, was not actually present when they were made.  The defendant asked the court to instruct the jury that if the husband was so near that he might have exercised a control over her, it was to be presumed that she acted under his influence and direction, and they should acquit her.  The court refused this request, and rightly, without doubt; for there was evidence not only that the sales were made when the husband was absent, but also that, when he was present, hers was the active or controlling mind.  The court, however, not only refused to charge as requested, but did in fact charge that "nearness of bodily presence was no excuse if the husband was actually not present," and that "if he was out of the house or out of her presence" it was to be presumed that she acted of her own will.  The question is whether the charge was right.  We think it was.  We think that mere proximity without actual presence will not start the presumption of coercion.  In such a case the question is, in our opinion, one of fact, though doubtless the fact of coercion might easily be inferred from proximity, and, perhaps, ought to be inferred, if there be circumstances showing concert of action.  *Rex* v. *Connolly*, 2 Lewin C. C. 229; *Rex* v. *Hughes*, 2 Lewin C. C. 229; *Rex* v. *Morris*, 2 Leach Cr. Cas. 1096; also Russ. & Ry. 270; 1 Russell on Crimes, *22; *Quinlan* v. *The People*, 6 Park. Cr. 9; *Seiler* v. *The People*, 77 N. Y. 411; *Commonwealth* v. *Neal*, 10 Mass. 152; 1 Bennett & Heard Lead. Crim. Cas. 81–94.

In the case at bar the court told the jury that it was competent for the defendant to rebut the presumption that she was acting of her own will, when her husband was absent, by showing that she was in fact acting under his control.   And she might show it of course as well by the government witnesses, if she could, as by her own.   We think the instruction went as far as the defendant was entitled to have it go for her protection, and that the cases in which courts have gone farther are cases in which they have not kept clearly in mind the distinction between an inference of fact, to be drawn by the jury, and a presumption of law, to be directed by the court.

We are also of opinion that the court did not err in admitting the testimony which was objected to; for it was directly in support of one of the charges in the indictment, though, taken by itself, it may have been entirely insufficient to warrant a conviction.

The exceptions are overruled, and the case remanded for sentence.                                    *Exceptions overruled.*

*Samuel P. Colt,* Assistant Attorney General, for plaintiff.

*Ziba O. Slocum,* for defendant.