## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* ELSIE RYLAND, APPELLANT.

*Evidence necessary to corroborate the evidence of an accomplice under Code of Criminal Procedure, sec. 399 — Evidence showing that the accused was a principal, and not an accessory — Coercion of a wife by her husband.*

The corroborative proof, to connect a defendant with the commission of a crime, required by section 399 of the Code of Criminal Procedure, where a conviction is sought upon the testimony of an accomplice, is sufficient to authorize the submission of the case to the jury in a prosecution for forgery in raising and altering a check, where it appears by such proof, unexplained by the defendant, and in addition to the testimony of the accomplice, that the defendant got the check by an untrue representation that it was to be sent to her mother; that she caused it to be made payable to a fictitious person; that she obtained the check one evening, and that on the next day but one it was presented in its forged condition and paid, within a time which almost precluded its having been sent to the place where her mother lived.

The evidence on a trial of a married woman for forgery tended to show a confederation of several persons to take various steps intended to, and which did, result in the commission of a crime. From the evidence it might be inferred that the participation of each was prearranged — the defendant to procure the check, which could be altered; her husband to make the alteration; the accomplice to get the money on it through some third person.

*Held*, that there was sufficient proof, assuming that the jury gave it credit, to show that the appellant was a principal, and not a mere accessory.

That it would not be proper, under such circumstances, for the court to take the case away from the jury on the ground that the defendant (the wife) acted under the coercion of her husband.

APPEAL by the defendant from a judgment of the Court of General Sessions of the city and county of New York, convicting her of the crime of forgery in the third degree.

*Peter Mitchell*, for the appellant.

*A. J. Requier*, for the respondents.

DAVIS, P. J. :

The appellant was indicted with her husband and one Woodbury for forgery in the third degree. The crime was committed by altering a check made by Demarest & Duncan for six dollars to the sum of $165.50, and uttering the same after such alteration.

The testimony tending to establish the crime was given chiefly by one Crawford, an accomplice therein, whose evidence, if credited by the jury, was sufficient to convict the appellant unless the presumption of coercion on the part of her husband should operate to protect her.

One of the principal points made in the case on the part of the appellant is, that the corroborating proof required by section 399 of the Code of Criminal Procedure was not given.

Before the enactment of this Code, it was well established in this State that a conviction of crime could properly be had upon the uncorroborated testimony of an accomplice. (*People v. Costello*, 1 Denio, 83; *People v. Davis*, 21 Wend., 313; *Lindsay v. The People*, 63 N. Y., 143.)

It was the general practice of trial courts to charge juries that it was unsafe to convict without confirmation of the accomplice as to some material fact of the case; but this was not a rule of law, but rested in the sound discretion of the court; and the omission or refusal so to charge was not error. (*Lindsay v. People, ubi supra*.)

Cases would necessarily be very rare in which there would not be some corroboration of the accomplice as to some material fact; and

it was entirely safe to leave the question of the credibility of an accomplice in the hands of the jury.

But this established rule of the common law has been materially changed by the Code of Criminal Procedure. Section 399, as it stood at the time of the trial, enacted that " a conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and the corroboration is not sufficient, if it merely shows the commission of the crime or the circumstances thereof."

A more complete shield for certain classes of crime, which must almost invariably be proved by accomplices, if at all, could not well be devised; for the corroboration, however strong in all other respects, must point to the connection of the defendant with the *commission of the crime* to be of any avail. And in those secret crimes where usually the only witness to the connection of the defendant with the actual commission of the crime is of necessity an accomplice convictions will fail however clearly the body of the crime is shown by additional evidence, because the witness, though fully corroborated in other respects, may not be corroborated in the designation of the person who committed the secret offense. But the law as declared by the Code must be accepted and applied by the courts. It is our duty therefore to see whether, in the strong corroboration of the accomplice in this case in other respects, there is any corroborating testimony which tends to connect the appellant with the commission of the forgery.

The evidence shows that a check for six dollars, payable to the order of Georgiana Mace, was obtained from Messrs. Demarest & Duncan upon their bank in this city; that that check was soon afterwards altered by erasing the name " Georgiana Mace " and inserting the name " George S. Martin," and by erasing the word " six " and inserting the words and figures " One hundred and sixty-five $\frac{50}{100}$ " in the body of the check, and by changing in like manner the figures in the margin of the check; and that the check so altered was presented at the bank and the money obtained upon it.

These facts were abundantly proved without the testimony of the accomplice. They constitute the body of the crime. The

accomplice also gave testimony, sufficient if believed, to show these several facts, and to prove also that himself and the several persons named in the indictment were connected with the commission of the forgery and shared in different proportions in its proceeds. The question was thus presented to the court whether any of the evidence outside of that given by the accomplice tended to connect the appellant with the forgery. It was proved by Mr. Duncan, one of the firm of Demarest & Duncan, that the appellant came to their store in the evening of April twentieth, and said she wished to purchase a check, as the post-office was closed up, to send to her sister or mother in Philadelphia, and it would accommodate her very much to get it off that evening; that he thereupon drew the check and gave it to her, and received six dollars from her; and that the check was the same that had been altered. It was then proved, by the paying teller of the bank, that the check was presented in its altered condition on the twenty-second of April, and paid to the person who presented it (who is also one of the indictees).

Then followed the testimony of the accomplice showing the arrangement to get the check, the procurement by the appellant, its alteration by her husband at her house, and the subsequent obtaining of and the division of the money, of which the appellant received the largest share.

It seems to us there can be no doubt, the forgery being proved, that this evidence, *aliunde* that of the accomplice, tends to connect the appellant with its commission. Unexplained, it showed that she got the check by an untrue representation that it was to be sent to her mother or sister in Philadelphia; that she caused it to be made payable to " Georgiana Mace," apparently a fictitious name; that she carried the check away that evening, and that on the day but one following it was presented at the bank in its forged condition and the raised amount obtained.

These facts tended to connect her with the criminal alteration of the check, because they were sufficient to put her upon explanation. They connected her with the check under very suspicious circumstances, from which, if unexplained, a fair inference grows that she was connected with the forgery; and, therefore, they were in some degree corroborating evidence of the character required

by the Code. The section of the Code referred to does not require positive, or direct, or conclusive evidence. It need only " *tend to connect* " the defendant with the commission of the offense. Unexplained, the tendency of the evidence was to show that the check was obtained by the appellant in person upon a false pretext and for a pretended use to which it was not put; and that instead of being sent to Philadelphia, it was altered and raised and the money gotten on it, within so short a time after it was obtained as almost to preclude the possibility of its having been sent to that city; and although this alone might not justify the conviction, yet, taken with the evidence given by the accomplice of her presence at the commission of the forgery and her sharing in its fruits, it presented a case proper to be sent to the jury, especially after her own examination had failed to explain or contradict some of the important circumstances.

The other important question is whether the presumption of coercion by the husband required the court to take the case from the jury. The charge in the case is not given. We must presume that the court charged the jury correctly as to the law affecting this question, and as to the duty of the people to overcome any presumption in favor of married women who participate with their husbands in the commission of crime.

The law on this subject, as announced in *Seiler* v. *The People* (77 N. Y., 413); *Goldstein* v. *The People* (82 id., 233), is to the effect that coverture is no protection where the wife is shown to have taken an active and willing part in the criminal act, or where she is the inciter of it, and that the fact of the husband's presence is but *prima facie* evidence of coercion, which like other presumptions may be rebutted and overcome by proof.

The court in determining the question of coercion had before it the whole of the testimony, including that of the accomplice, and was to act upon the probability that the jury would give credit to the whole; and in that view it is impossible to say that it was the duty of the court to take the case from the jury on the grounds of coverture and coercion. There was sufficient proof, assuming that the jury gave it credit, to show that the appellant was a principal and not a mere accessory before or after the fact. The evidence tended to show a confederating of several parties to take various steps intended to and which

RADLEY v. KUHN. 573

did result in the completion of the crime. The jury had a right to find from the evidence that the participation of each was pre-arranged, the appellant to procure the check which could be altered, the husband to make the alteration, the accomplice to get the money upon it through some person, and the several parties to divide the proceeds, and to find the consummation of the object all had in view by each doing his or her preconcerted part.

We think the question whether the appellant was an accessory or a principal party was proper to be submitted to the jury, and that it was no error to refuse to take it from them.

The result is that the judgment should be affirmed.

DWIGHT, J., concurred

Present — DAVIS, P. J., and DWIGHT, J.

Judgment affirmed.