## HENNY BUGGY CO. v. PATT, GARNISHEE.

73  485
89  411

1. **Garnishment:** OBJECTIONS BY GARNISHEE TO REGULARITY OF JUDGMENT AGAINST DEFENDANT. A garnishee cannot be heard to object to the judgment against the principal defendant on account of irregularities which do not make the judgment void.

2. ———: DENIAL OF GARNISHEE'S ANSWER. A pleading which, in express terms, "controverts" the answer of a garnishee, denies it; for to controvert is to deny.

3. ———: PROOF OF JUDGMENT AGAINST DEFENDANT. In a proceeding in garnishment, it is not necessary to prove the judgment against the principal defendant, where it is a part of the record in the case.

4. ———: EVIDENCE: FICTITIOUS NAME OF DEBTOR. Where it was material to show a chattel mortgage from the principal debtor to the garnishee, it was no valid objection that the mortgage was executed in the name of a firm, when it was shown that the principal debtor was the only member of the firm.

5. ———: FRAUDULENT CONVEYANCE: INSOLVENCY OF GRANTOR. The insolvency of the grantor of property to a garnishee may be shown as tending to impeach the good faith of the transaction.

6. **Evidence:** IMPEACHING BILL OF SALE BY PARTY OFFERING IT. A bill of sale offered in evidence is not a witness, and its good faith may be challenged by the party offering it.

7. **Jury Trial:** RIGHT TO WAIVED. One who consents to a trial to the court thereby waives his right to a jury as to all the issues then existing, or that afterwards arise.

*Appeal from Union District Court*—HON. J. W. HARVEY, Judge.

FRIDAY, DECEMBER 16.

JUDGMENT was rendered against J. H. Patt, appellant, as a garnishee in an action brought by plaintiff against E. S. McMullen & Co. The garnishee now appeals to this court. The facts involved in the questions of law ruled by this court appear in the opinion.

*James G. Bull*, for appellant.

*McDill & Sullivan*, for appellees.

BECK, J.—I. The plaintiff's action was brought by attachment to recover upon promissory notes and an account, and process of garnishment was issued against Patt, who answered, denying indebtedness to the defendant in attachment. Subsequently, at the trial, plaintiff offered certain evidence, to which objections by defendant were sustained by the court. The objections were upon the ground that the petition failed to allege that something was due from the defendant to the plaintiff, and the evidence offered did not correspond with the allegations of the petition. Thereupon the plaintiff had leave to amend the petition, and the cause was continued. Afterwards, during vacation, a confession of judgment made by defendant was filed. It is in the form upon which judgments are authorized by statute to be entered by the clerk in vacation. Such a judgment was accordingly entered before the next term. The confession does not in express language refer to the pending action, but is numbered the same. After judgment by confession, the plaintiff filed a pleading controverting the answer of the garnishee. To this pleading the garnishee demurred, upon the follow-

ing grounds: " That there is a defect of parties plaintiff and defendant in said controverting answer, to-wit: The plaintiff alleges neither corporate nor partnership power or capacity to sue. Said defendant garnishee was not attached as debtor, or as the possessor of property of E. S. McMullen, nor notified nor garnished to answer as debtor of E. S. McMullen, and did not so answer; but was garnished as the debtor of E. S. McMullen & Co., defendants in said action, No. 2,583, and so answered. (2) That the facts stated do not entitle the plaintiff to the relief demanded. There is no general issue, or general denial of garnishee's answer as such; but admits the truth of his answer, and sets up insufficient and impertinent matter in avoidance. (3) Plaintiff's right of action against garnishee is founded on three written instruments,—a lease, a chattel mortgage, and a bill of sale from E. S. McMullen & Co., with J. H. Patt, garnishee, and a judgment against E. S. McMullen alone; copies of which are not set out in the answer, and no reason therein assigned for failure to do so. (4) The answer fails to allege that plaintiff has obtained judgment against the defendants E. S. McMullen & Co., and fails to allege an indebtedness from garnishee to defendants, and fails to allege money or property in possession of garnishee, or under his control, of defendants."

The demurrer was overruled, but the plaintiff afterwards filed the following amendment to his pleadings, controverting the garnishee's answer: " That plaintiff is a corporation. organized and doing business under the laws of the state of Illinois; that E. S. McMullen & Co. and E. S. McMullen are one and the same; that although the firm selling agricultural implements at Creston, defendants herein, went for a time under the style of E. S. McMullen & Co., it in fact, at all times, at and subsequent to the incurring of the indebtedness sued upon by Henny Buggy Co., consisted of one sole, single person, to-wit, E. S. McMullen, and no other person; that said E. S. McMullen, after the last term of district court, as

such sole and only defendant in the case, confessed judgment upon the claim made by *Henny Buggy Co. v. E. S. McMullen & Co.*, No. 2,583, district court; that judgment was confessed upon the indebtedness of E. S. McMullen, who purchased the goods as E. S. McMullen & Co., pleaded upon in that case; that E. S. McMullen is the only person indebted thereon, and said judgment was voluntarily confessed by E. S. McMullen in the above-named case, *Henny Buggy Co. v. E. S. McMullen & Co.*, No. 2,583, district court, December term, 1885, to avoid further proceedings and costs in said case, for which said E. S. McMullen would be solely liable."

It will be observed that none of the objections made to the pleadings by the demurrer go to the jurisdiction of the court; they are simply upon irregularities or errors which do not render the judgment of confession void, but may be corrected by the defendant, who was alone concerned therein, by proper proceedings authorized by law. The proceedings, not being void, cannot be questioned by the garnishee. (*Pierce v. Carleton*, 12 Ill., 358; *Empire Car-Roofing Co. v. Macey*, 115 Id., 390; S. C., 3 N. E. Rep., 417.) Many of the objections, however, are based upon facts, some of which are answered by the amendment filed by the plaintiff, above set out. The objection upon the ground that the pleading of plaintiff does not deny the garnishee's answer is not supported by the record. The pleading does, in express language, " controvert " the answer of the garnishee. To controvert is to deny. It was not necessary for the plaintiff to allege that judgment had been recovered against defendant. The record of the case showed that fact, and it was not necessary to plead or prove the contents of the record in the case. The same objections, or some of them, were raised upon the trial to the admission of the judgment and proceedings against the defendant in evidence as against the

1. GARNISHMENT: objection by garnishee to regularity of judgment against defendant.

2. ———: denial of garnishee's answer.

3. ———: proof of judgment against defendant.

garnishee. The considerations just expressed sufficiently answer them in this connection.

II. A chattel mortgage executed by E. S. McMullen & Co. to the garnishee was admitted in evidence, against the objection of the latter, based upon the ground that the judgment was against E. S. McMullen. But the real debtor was E. S. McMullen; the company was a fiction. Other objections to the admission of the instrument go to its effect as evidence, not to its competency.

*4. ———: evidence: fictitious name of debtor.*

III. Evidence of McMullen's insolvency was admitted, against the garnishee's objection. It was a fact which, taken in connection with other matters, would tend to show the good faith of the conveyance of the property to the garnishees.

*5. ———: fraudulent conveyance: insolvency of grantor.*

IV. The plaintiff was permitted to file an amendment alleging fraud in the bill of sale. This is complained of now, on the ground that, as the bill of sale was offered in evidence by plaintiff, it was thus permitted to discredit its own witness. It will not do to call an instrument in writing a witness. Plaintiff, to establish fraud between the defendant and garnishee, was authorized to show all the transactions in relation to the property, and the nature and character thereof.

*6. EVIDENCE: impeaching bill of sale by party offering it.*

V. It is objected that the garnishee was, upon the issue of fraud, entitled to the verdict of a jury, which was denied him. Let this be admitted, but he waived his right in this regard by consenting to try the case to the court. This consent related to all issues in the case as they existed, or might arise upon further pleadings as authorized by law. But the garnishee suffered no prejudice by his failure to go to a jury on the issue of fraud, for the reason that the court made no findings thereon, but based the judgment on other grounds; expressly holding that the decision of the case did not require a finding on the issue of fraud.

*7. JURY trial: right to waived.*

VI. Other objections are raised by the assignment of errors. Some of them are not argued, but merely referred to

in the argument of counsel.   We are not required to consider them.   Others are disposed of by the views we have .expressed, while some are so trivial, or involve such familiar principles of law, that the discussion of them is not demanded. The findings of fact by the court below cannot be interfered with on the ground that it is not sufficiently supported by the evidence.

The judgment of the district court is          AFFIRMED.