# Court of Appeals.

March 26, 1901.

## THE PEOPLE v. DELLA HARTWELL

(166 N. Y. 361.)

1. RECEIVING STOLEN PROPERTY—PENAL CODE, 550—INDICTMENT.

An indictment is defective which charges certain persons with the crime of " knowingly receiving" stolen property, and then states that they committed the crime aforesaid by wrongfully, unlawfully and feloniously receiving stolen property, to wit., describing it, etc., and concluded by " knowing the same property to have been stolen, concealed, withheld, * * * well knowing at the time that same had been stolen, etc., because first, there is no such crime as " knowingly receiving," and secondly, where it is attempted to charge the receiving. *and* secreting, the allegations should be separated into two counts.

2. SAME—CODE CRIM. PRO., § 323, SUBD. 3.

Whether a demurrer to such an indictment would lie under subdivision 3, section 323 Code Crim. Pro., *quaere.*

3. SAME—CODE CRIM. PRO., § 323, SUBD. 4.

The demurrer should have been sustained, however, under subdivision 4, section 323 Code Crim. Pro. " Feloniously receiving " does not imply " knowingly receiving," and under the charge for concealing there is no allegation as to reward or promise, etc.

APPEAL from a judgment of the appellate division of the supreme court in the third judicial department, entered November 28, 1900, affirming a judgment of the Chenango county court convicting the defendant of the crime of criminally receiving stolen property, knowing it to have been stolen, and an order overruling a demurrer to the indictment.

The indictment is as follows:

" The grand jury of the county of Chenango, in the state of New York, by this indictment accuses William M. Campbell, Wellington Barber, Della Hartwell and Louisa Marvin, of the crime of ' knowingly receiving ' stolen property, committed as follows, to wit:

" That the said William M. Campbell, Wellington Barber, Della Hartwell and Louisa Marvin, on or about the 5th day of January, 1899, at the town of Smyrna, in the county of Chenango and state of New York, committed the crime aforesaid, by wrongfully, unlawfully and feloniously receiving stolen property, consisting of articles of personal property, to wit:

" Teaspoons, bedding, horse blankets, ladies' clothing, dishes, lamps, curtains, portieres, a new one-horse harness, a New-market wrap, and many other and various articles of personal property to the grand jury aforesaid at this time unknown, and which said property belonged to and was the property of John E. Smith, G. Wells Smith, Mrs. Abbie Lewis, Horace J. Newell, and of other persons the names of whom are at this time to the grand jury aforesaid unknown, and which said articles of personal property had been wrongfully, unlawfully and feloniously appropriated in such a manner as to constitute larceny from the above-named John E. Smith, G. Wells Smith, Mrs. Abbie Lewis, Horace J. Newell and other persons, to the grand jury aforesaid at this time unknown, by such property having been taken from the possession of said above-named persons, they being the true owners thereof, with the wrongful, unlawful and felonious intent of depriving such true owners of their said property as described aforesaid, and which was so taken and appropriated by one Frank Hartwell and other persons whose names are at this time to the grand jury aforesaid unknown, and which said wrongful act or acts of so taking and appropriating said property was committed in the county of Chenango and Madison and state of New York, and after having been so taken and stolen as aforesaid, the above-named William M. Campbell, Wellington Barber, Della Hartwell and Louisa Marvin, in the said town of Smyrna, in the county of Chenango, N. Y., knowing the same property to have been stolen, concealed, withheld, and aided in concealing and withholding, such property, well knowing at the time that same had been stolen as aforesaid, and so wrongfully

appropriated same in such manner as to constitute larceny, with such wrongful, unlawful and criminal intent received and aided in concealing and withholding such property at the place occupied by said Frank Hartwell, in the said town of Smyrna, on the 5th day of January, 1899, and at other places in said county of Chenango, N. Y., to the grand jury aforesaid at this time unknown.

" All of which was done contrary to the provisions of the statutes of the state of New York, in such case made and provided."

Herbert C. Stratton and V. D. Stratton, for appellant.

Wordsworth B. Matterson, for respondent.

HAIGHT, J.—A demurrer to the indictment was interposed by the defendant upon the ground, among others, that the facts stated did not constitute a crime. The demurrer was overruled, and the questions raised thereby are now brought up for review.

The provisions of section 550 of the Penal Code, so far as they are material to be now considered, are as follows: " A person who buys or receives any stolen property, * * * knowing the same to have been stolen * * * or who corruptly, for any money, property, reward, or promise or agreement for the same, conceals, withholds, or aids in concealing or withholding, any property, knowing the same to have been stolen, * * * is guilty of criminally receiving such property, and is punishable, by imprisonment," etc. It will be observed that the provision defines one crime, but committed by different means: *First*. By the feloniously buying or receiving stolen property knowing it to have been stolen; and, *second,* by the feloniously concealing, withholding or aiding in the concealing or withholding of such property knowing it to have been stolen. Under the first provision the crime consists of three elements: 1. The property must be stolen. 2.

It must be received by the accused with the knowledge that it was stolen at the time of the receiving.   3. It must be received by him with the felonious intent of depriving the true owner of the property.   A person may receive stolen property knowing it to be stolen, for the purpose of returning it to the true owner, and not be guilty of any crime.   It is only where the property is received, knowing it to have been stolen, with the criminal intent to deprive the owner of the property that the receiver is punishable.

Under the second provision the elements constituting the crime differ in one respect.   The property must be secreted or withheld under a promise for pay or reward.   The pleader in the indictment evidently undertook to charge the crime by both means in one count.   He starts in by naming the crime as " knowingly receiving " stolen property.   He then charges the defendant with having " committed the crime aforesaid by wrongfully, unlawfully and feloniously receiving stolen property consisting of articles of personal property, to wit."   He then describes the property.   It will be observed that the " crime aforesaid " refers to the crime as named by him above as that of " knowingly receiving," and further that he has omitted from the charge that the property was known by the defendant to have been stolen at the time she received it.   He then proceeds to charge the defendant with having committed the crime under the second provision of the statute by concealing, withholding and aiding in the concealing and withholding of the property " knowing at the time that the same had been stolen as aforesaid," but omits to charge that the concealing was done corruptly for money, property, reward, promise or agreement for such money, property or reward. There are several defects in this indictment.   In the first place, there is no such crime as that named in the indictment of " knowingly receiving."   We are aware that in some editions of the Penal Code the words " Knowingly receiving " appear at the beginning of section 550, but they are catch words merely inserted by the editor or publisher and form no

part of the statute. A person may know that he receives property and yet not know that the property was stolen. Again, under this provision of the Code, as we have seen, the crime may be committed in two different ways: *First,* by criminally receiving property knowing it to have been stolen; *second,* by the secreting of such property knowing it to have been stolen, for money, property or reward. As we have seen, the allegations of this indictment are contained in one count. The provisions of section 278 of the Code of Criminal Procedure provide that the indictment must charge but one crime *and in one form,* except as in the next section provided. That section provides that " the crime may be charged in separate counts to have been committed *in a different manner* or by different means." It would have been entirely proper to charge this crime in one count as having been committed under the first provision of the statute, and in a second count under the second provision, but uniting the two in one count is unauthorized. People v. Dumar, 106 N. Y. 502. It may be that demurrer will not lie to remedy these defects. Under subdivision three of section 323 of the Code of Criminal Procedure a demurrer may be interposed when " more than one crime is charged in the indictment within the meaning of section 278 or 279." It may be that, under the provisions of this section, one crime stated by different means in the same count is not demurrable although prohibited by these sections. We, therefore, without determining this question, proceed to consider the provisions of subdivision four of that section which provides that the defendant may demur if the facts stated do not constitute a crime.

In order to constitute the crime defined by the statute by the means first specified the defendant must be charged with knowing at the time of the receiving of the property that the same was stolen. The knowing that the property was stolen is one of the essential and main elements constituting the crime and without it no crime is charged. It is claimed that the word " feloniously " appearing in the charge indicates that

the receiving of the property was with the knowledge that it was stolen, but this does not necessarily follow. A person may receive property from another and at the time of the receiving of it may intend to retain it and thus feloniously deprive the owner thereof and still have no knowledge that the property had been stolen. By so retaining the property he may become guilty of larceny, either grand or petit,' but he would not be guilty of the crime charged by the provisions of the Code under consideration. Felonious, as, ordinarily used, means a criminal intent, an intent to commit a crime, but in no case to which our attention has been called has it ever been held to indicate the knowledge of a fact, such as that the prorperty had been stolen. When we come to consider the charge by means of secreting or withholding, under the statute, we find that it is then charged that the defendant secreting or withholding at that time knew that the property had been stolen, but this charge does not support the first allegation in the indictment; for, under that, it is necessary that the property should be known to have been stolen at the time of receiving and not at some subsequent time when the defendant aided or assisted in concealing the property

Under the charge for concealing, as we have seen, there is no allegation that the defendant received any money, property, reward or promise of any such money, property or reward for concealing, withholding, etc. as provided in the statute. Here, again, we have the omission of an essential element constituting the crime under this provision of the Code, and we do not understand it to be claimed that the charge contains other words of like import and meaning by which this omission is cured.

We have been liberal, heretofore, in construing indictments, and have sustained them when the crime was charged with sufficient authority, so as to enable the court to pronounce judgment. We have sustained them when they have been defective with reference to matters of form which did not

tend to prejudice the substantial rights of the defendant upon the merits; but this pleading fails to allege essential matters constituting the crime, and we think the demurrer should have been sustained.

The judgment of conviction should be reversed and the defendant discharged.

PARKER, Ch. J., GRAY, O'BRIEN, LANDON, CULLEN and WERNER, JJ., concur.

Judgment accordingly.