PEOPLE v. THOMAS.   (No. 7457.)

(Supreme Court, Appellate Division, First Department.  June 18, 1915.)

RECEIVING STOLEN GOODS ⬅8—GUILTY KNOWLEDGE—PROOF—NECESSITY.

Where, in a prosecution for receiving a stolen automobile, the prosecution failed to show guilty knowledge by defendant, when he received the car, that it was stolen, his conviction was unauthorized, though he failed to establish his contention that the car found in his possession was not the one stolen, and the evidence tended to create a suspicion of his guilt.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. §§ 15–18; Dec. Dig. ⬅8.]

Appeal from Court of General Sessions, New York County.

Benjamin Thomas was convicted of criminally receiving stolen property, and appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clark L. Jordan, of New York City, for appellant.

Robert C. Taylor, Asst. Dist. Atty., of New York City, for respondent.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

982          153 NEW YORK SUPPLEMENT          (Sup. Ct.

SCOTT, J. The defendant was indicted and convicted in the Court of General Sessions for the crime of criminally receiving stolen property, knowing the same to have been stolen. The subject of the larceny was an automobile, the property of one Charles S. Tibbutts, which was stolen on October 10, 1913, and which was found in defendant's possession early in March, 1914.

A great part of the rather long record presented to us is taken up with the question whether the car found in defendant's possession was one he had purchased from a man named Sinclair in November, 1913, or the one which had been stolen from Tibbutts. The evidence was sufficient to sustain the finding of the jury that it was the stolen car. Where the people's case failed, however, as we consider, was in establishing the guilty knowledge of the defendant, at the time he received the car, that it had been stolen. This was an essential element of the crime charged, and the burden of proving it rested upon the people. People v. Hartwell, 166 N. Y. 361, 59 N. E. 929. On the people's case no sufficient proof of such knowledge was elicited.

It is urged, however, that the fact of such knowledge should be inferred from the nature of the defense interposed, the failure to establish it, and certain suspicious actions on the part of the defendant. Of course, guilty knowledge must frequently be proved by inferences and circumstances; but these must amount to something more than the creation of a suspicion of guilt, which, as we consider, is the utmost that can be claimed for the evidence in this case.

The judgment appealed from must be reversed, and a new trial granted. Settle order on notice. All concur.