# SUPREME COURT—APPELLATE DIVISION—FIRST DEPARTMENT,

## June 1915.

### LOUISE GUCKER v. ANNA KOPP.

(169 App. Div. 921.)

RECEIVING STOLEN PROPERTY—GUILTY KNOWLEDGE NECESSARY.
  The guilty knowledge of one who receives stolen goods is an essential element of the crime and the burden of proving it is on the People.

APPEAL from a judgment of the Court of General Sessions of the Peace in and for the county of New York rendered on the 2d day of July, 1914, convicting the defendant of receiving stolen goods, and also, as stated in the notice of appeal, from orders entered on the same day denying a motion to set aside the verdict and for a new trial.

SCOTT, J.:

The defendant was indicted and convicted in the Court of General Sessions for the crime of criminally receiving stolen property, knowing the same to have been stolen. The subject of the larceny was an automobile, the property of one Charles S. Tebbutt, which was stolen on October 10, 1913, and which was found in defendant's possession early in March, 1914. A great part of the rather long record presented to us is taken up with the question whether the car found in defendant's possession was one he had purchased from a man named Sinclair in November, 1913, or the one which had been stolen from Tebbutt. The evidence was sufficient to sustain the finding of the jury that it was the stolen car. Where the People's case

failed, however, as we consider, was in establishing the guilty knowledge of the defendant, at the time he received the car, that it had been stolen. This was an essential element of the crime charged and the burden of proving it rested upon the People. (People v. Hartwell, 166 N. Y. 361.) On the People's case no sufficient proof of such knowledge was elicited. It is urged, however, that the fact of such knowledge should be inferred from the nature of the defense interposed, the failure to establish it and certain suspicious actions on the part of the defendant. Of course, guilty knowledge must frequently be proved by inferences and circumstances, but these must amount to something more than the creation of a suspicion of guilt, which, as we consider, is the utmost that can be claimed for the evidence in this case.

The judgment appealed from must be reversed and a new trial granted.

INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN and CLARKE, JJ., concurred.

Judgment reversed and new trial granted. Order to be settled on notice.