THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JACK GRUSHKIN, Defendant.

County Court, Kings County, November 9, 1936.

*William W. Kleinman,* for the motions.

*William F. X. Geoghan, District Attorney [Ralph Jacobs* of counsel], opposed.

FITZGERALD, J.   The defendant was indicted for grand larceny in the first degree and for criminally receiving stolen property. The property involved was an automobile.

Upon the trial the larceny count was dismissed and the second count, criminally receiving stolen property, was submitted to the jury.   A verdict of guilty was returned.   The defendant is a second offender, having been convicted some nine years ago of grand larceny.

The judgment to be entered upon the verdict is mandatory, and must be imprisonment of defendant in State's prison for not less than twenty nor more than forty years.   (Penal Law, §§ 1308, 1941.)

Two motions are pending — one in arrest of judgment, and one to set the verdict aside on the ground that it is against the evidence.

Under the Code of Criminal Procedure (§ 331) a motion in arrest of judgment may be made upon either of two grounds: (a) That the court had no jurisdiction over the subject of the indictment; (b) that the facts stated do not constitute a crime.

The jurisdiction of the court is not challenged.   It is urged, however, that the count of the indictment, under which defendant was convicted, does not state facts constituting a crime.

The count is as follows:

" The Grand Jury of the County of Kings by this indictment, accuse the defendant of criminally receiving stolen property committed as follows:

" The defendant on or about April 30th, 1934, in the County of Kings, received the following of the value stated respectively, a Dodge, 1934, Sedan automobile, of the value of $947.00, the property of Kobie Klinghoffer which had been stolen, the defendant then knowing the same had been stolen and intending to deprive the owner thereof."

The pertinent part of section 1308 of the Penal Law reads as follows:

" Buying, receiving, concealing or withholding stolen or wrongfully acquired property.

" A person who buys or receives any property knowing the same to have been stolen or obtained in any way under circumstances which constitute larceny; or who conceals, withholds, or aids in

concealing or withholding any property, knowing the same to have been stolen, or appropriated wrongfully in such a manner as to constitute larceny under the provisions of this article, if such misappropriation has been committed within the State * * * is guilty of a felony."

Defendant relies upon *People* v. *Hartwell* (166 N. Y. 361).

It was there held that an indictment under section 550 of the Penal Code, from which section 1308 of the Penal Law is derived, which charged defendant with " knowingly receiving " stolen property, was defective; that there was no such crime as " knowingly receiving " stolen property; and that the indictment was defective in that it failed to allege that defendant knew the property to have been stolen.

No such defect appears in the indictment under consideration.

The characterization of the offense as that of " criminally receiving stolen property " does not vitiate the indictment. Such an allegation is sufficient to aver a criminal intent. (*People* v. *Weldon*, 111 N. Y. 569.)

All the essential elements of the crime charged and defined by the statute are set forth in the indictment. (*People* v. *Dumar*, 106 N. Y. 502, 509, 510; *People* v. *Weldon, supra.*)

The other motion is to set aside the verdict as contrary to the evidence.

It appears from the evidence that one Kobie Klinghoffer was the owner of a 1934 Dodge sedan. It was stolen on April 30, 1934.

On May 7, 1936, defendant was arrested in Manhattan while driving the car. An officer testified that when questioned he said he was the owner, and that he had owned it for two years. Defendant produced registration certificates for the years 1934, 1935 and 1936. They were in the name of Abraham Grushkin, the defendant's father. The evidence established the fact that the father died in March, 1935. The officer also testified that the defendant had said that he had personally obtained the 1936 certificate through an agency conducted by one Feld at 16 Court street.

The defendant further informed the officer that he had at his home in Brooklyn a bill of sale of the car to his father. Accompanied by police officers he went to his home and produced such a bill of sale. It was put in evidence by the People. Although it was not acknowledged, it has attached an affidavit of inducement. The People called as a witness the notary public who had taken the affidavit of the grantor. She recalled having sworn the person who had brought in the bill of sale, but admitted she was not personally acquainted with him.

There is a presumption of the due execution of formal instruments. (*Matter of Schweigert*, 17 Misc. 186; *Matter of Pepoon*, 91 N. Y. 255; Richardson Evidence [4th ed.], § 83, p. 46.)

The presumption is not conclusive; nor is the party who offers a document bound by its recitals. It is competent to offer evidence to show that the instrument had its inception in fraud, or that the facts are otherwise than appear from the instrument. (Jones Evidence [2d ed.], vol. 6, § 2425, p. 4800; *Mischner* v. *Altman*, 145 App. Div. 251, 254; *Henny Buggy Co.* v. *Patt*, 73 Iowa, 485; 35 N. W. 587.)

No such attempt was made other than the testimony of the officer as to defendant's apparently inconsistent statement.

The bill of sale established title to the car in Abraham Grushkin in May, 1934. In my opinion the testimony of Lieutenant Sullivan as to the statement of defendant at the time of his arrest is insufficient when considered with the other testimony to rebut the evidence of the bill of sale.

The defendant called a number of witnesses, all of whom testified as to the purchase of the car by Abraham Grushkin in May, 1934; to his possession of it until his death in March, 1935, and to the circumstances under which it was maintained and the place where it was kept during that time. All the testimony negatives secrecy on the part of Abraham Grushkin either in the purchase or in the maintenance of the car.

The testimony further establishes that when Abraham Grushkin died, the defendant by common consent of his mother and the other children was permitted to take the car. He kept it openly in a garage near his home. He was seen driving it on two occasions immediately prior to his arrest in Manhattan. Police officers watched him drive the car away from his home on those occasions without interfering.

It was conclusively established that the three registration certificates were spurious. No attempt was made to establish that any of the necessary papers to obtain registration of the car in 1934, 1935 and 1936 were in defendant's handwriting. Except for the testimony of Lieutenant Sullivan that the defendant had stated that he had personally obtained the license plates for 1936, there is no evidence that in any way connects the defendant with the forged certificates.

Defendant's mother, the widow of Abraham Grushkin, testified that the plates had been obtained every year by the person from whom the car was purchased; that in December, 1935, he called at her home and inquired for her husband. When informed that he was dead, he asked the whereabouts of the car. Advised that

the defendant had it, he filled out the application and instructed her to have the defendant sign his father's name thereto; that defendant refused to do so; that she was then urged to sign the name of the deceased and declined; that the seller then said he would attend to the matter, took seventeen dollars — fifteen dollars and fifty cents the charge for the plates and one dollar and fifty cents as a service charge — went away and subsequently returned with the plates.

It is upon that evidence that the defendant has been found guilty of *receiving* on April 30, 1934, a stolen automobile, knowing the same to have been stolen, with intent to deprive the owner thereof.

To sustain the verdict the evidence must establish beyond a reasonable doubt, (a) that the car was stolen; (b) that defendant received it knowing it to have been stolen; (c) that defendant intended to deprive the owner of it.

The evidence is sufficient to support a finding that the car was stolen. The evidence on behalf of the People and defendant proves that defendant received the car after the death of his father in 1935. There is no evidence that at such time the defendant had knowledge that the car was stolen; and the evidence negatives the inference that he intended to deprive the owner of it.

If the conviction is to stand, the evidence must establish that when defendant received the car he had knowledge that it was stolen. (*People* v. *Hartwell, supra; People* v. *Thomas*, 169 App. Div. 921.)

The charge is that defendant received the car on April 30, 1934, with knowledge then that it was stolen.

As said in *People* v. *Ray* (36 App. Div. 389), " No subsequent knowledge is charged or is chargeable.

The evidence overwhelmingly establishes receipt by defendant of the car in March, 1935, after the death of his father, Abraham Grushkin.

The rule that recent and exclusive possession of stolen property unexplained, or unsatisfactorily explained, justifies the inference that the possessor is the thief, has no application.

In *Goldstein* v. *People* (82 N. Y. 231) the evidence established possession by defendant " an hour or two at most " after the theft.

In *People* v. *Thomas* (*supra*) the theft of the car was shown as of October 10, 1913. It was found in defendant's possession in March, 1914. It was held that the evidence was insufficient to prove knowledge by defendant that when he received the car, he knew it had been stolen. As was aptly said by the court: " Of course, guilty knowledge must frequently be proved by inference

and circumstances, but these must amount to something more than the creation of a suspicion of guilt, which, \* \* \* is the utmost that can be claimed for the evidence in this case."

*People* v. *Galbo* (218 N. Y. 283, 290), relied upon by the People, involved a charge of murder in the first degree.

The rule is there reasserted, and as pointed out " has most frequently been applied in cases of burglary (*Knickerbocker* v. *People*, 43 N. Y. 177) and larceny (*Stover* v. *People*, 56 N. Y. 315) and receiving stolen goods (*Goldstein* v. *People*, 82 N. Y. 231).''

The alleged statement of the defendant that he owned the car two years is not such an admission, taken in connection with all the other evidence, to justify a finding that his possession dated back to the date of the theft.

In my opinion the verdict is contrary to the evidence. The motion to set it aside is granted, the indictment is dismissed and the defendant discharged.